J-S51020-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUSTINA HEISEY | : | |
| | : | |
| Appellant | : | No. 1242 MDA 2019 |

Appeal from the Judgment of Sentence Entered June 13, 2019
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0002199-2018

BEFORE: MURRAY, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED FEBRUARY 17, 2021**

Justina Heisey appeals from the judgment of sentence imposed following her jury convictions for Drug Delivery Resulting in Death, Criminal Conspiracy to Commit Drug Delivery Resulting in Death, and Criminal Use of a Communication Facility.[1] Heisey challenges the sufficiency of the evidence and the length of her sentence. We affirm.

At Heisey's jury trial, the Commonwealth presented evidence that in December 2017,

> the victim communicated with [Heisey] and her co-conspirator, Mr. Zelek, about obtaining heroin for themselves and the victim, that [Heisey] was principally involved in securing all necessary connections and arrangements to purchase such heroin, [and] that [Heisey] and her co-conspirator drove to [the] Philadelphia area with the express purpose of obtaining heroin and obtained a ten-bag bundle of Cloud 9 heroin for the victim. Subsequently,

---

[1] 18 Pa.C.S.A. §§ 2506(a), 903(a), and 7512(a), respectively.

they returned to Lancaster County where [Heisey] personally and intentionally provided the controlled substances to the victim.

Supplemental Trial Court Opinion, filed 1/27/20, at 5. A detective testified that on the way back from Philadelphia, Zelek sent a text message to the victim stating, "[W]e got it through. And let me tell you it's 20 times better than anything we've ever had before. I don't want you doing more than half a bag at a time. . . . It made me almost pass out from snorting the whole bag." N.T., Trial, March 4-7, 2019, at 249-50. The victim responded, "LOL. I can't wait." *Id.* at 250.

The Commonwealth also presented evidence showing "that the victim ingested the drugs nasally and died of multiple drug toxicity, in particular, fentanyl toxicity. Additional testimony indicated that fentanyl and heroin were often mixed when sold and that a person intending to ingest heroin might unknowingly ingest a fatal amount a fentanyl." Supp. Trial Ct. Op. at 5-6. The Commonwealth's expert witness testified he believed the victim ingested two bags of the Cloud 9. N.T., Trial, at 439-40.

Furthermore, "the victim shared a close, long-term, personal relationship with [Heisey] and [Zelek]," who "were well aware that the victim suffered a severe addiction to opioids." Supp. Trial Ct. Op. at 6. The victim was both Zelek's step-father and Heisey's brother-in-law.

The jury found Heisey guilty of the above-listed crimes, and the court sentenced her on June 13, 2019. The court imposed a standard-range sentence of eight to 16 years' incarceration for Heisey's conviction for Drug Delivery Resulting in Death. For her conviction for Criminal Conspiracy, the

court imposed a mitigated-range sentence of six to 14 years' incarceration, to run consecutive to her sentence on Drug Delivery Resulting in Death. For Heisey's conviction for Criminal Use of a Communication Facility, the court imposed a standard-range sentence of one to five years' incarceration, to run concurrent with Heisey's sentence for Criminal Conspiracy. The aggregate sentence was 14 to 30 years' incarceration. Heisey filed a post-sentence motion, which the court denied. Heisey timely filed a notice of appeal.[2]

Defense counsel complied with the trial court's order to file a Pa.R.A.P. 1925(b) statement, and he then submitted a brief to this Court on Heisey's behalf. On the same day as he filed the brief, counsel's law license was suspended. The trial court thereafter appointed new counsel. We temporarily remanded the record to allow Heisey's new counsel to file a new Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b). Heisey's counsel filed the statement, the trial court issued a responsive Rule 1925(a) opinion, and Heisey's counsel filed a new appellate brief, raising the following issues.

> I. Was the evidence presented by the Commonwealth insufficient to sustain Ms. Heisey's convictions for drug delivery resulting in death and criminal conspiracy to commit drug delivery resulting in death, where Ms. Heisey and Mr. Zelek were not reckless in delivering heroin to [the victim] but sampled the heroin themselves and warned him not to ingest more than one-half bag,

---

[2] Heisey's notice of appeal states that the appeal is from the order denying Heisey's post-sentence motion. However, the appeal properly lies from Heisey's judgment of sentence. We have amended the caption accordingly. *See Commonwealth v. Shamberger*, 788 A.2d 408, 410 n.2 (Pa.Super. 2001) (*en banc*).

but he ingested two full bags of heroin over a short period of time, which resulted in his death?

II. Was the imposition of consecutive sentences for drug delivery resulting in death and criminal conspiracy to commit drug delivery resulting in death, for an aggregate sentence of 14 to 30 years' incarceration, manifestly excessive under the circumstances of the instant case, considering the nature of the criminal conduct and Ms. Heisey's circumstances, and were consecutive sentences an abuse of the court's discretion?

Heisey's Br. at 7.

## I. Sufficiency

Heisey first challenges the sufficiency of the evidence to support her convictions for Drug Delivery Resulting in Death and Criminal Conspiracy to Commit Drug Delivery Resulting in Death, on the basis that she did not possess the requisite *mens rea* of recklessness. Heisey relies on testimony that on the way back from Philadelphia, Zelek sent a text message to the victim, warning him not to use "more than half a bag because it was 20 times stronger than what they had been doing." Heisey's Br. at 26 (citing N.T., Trial, at 334, 249-50). Heisey asserts that although she and Zelek knew the victim was an addict, "it was not reckless for them to believe that he was not suicidal and that he would not disregard their advice regarding a safe level of the Cloud 9 he ingested." *Id.* at 27. Heisey claims that according to the testimony of the Commonwealth's forensic pathologist, if the victim had only ingested a half a bag, as instructed, his fentanyl level would have been below the lethal limit.

Our review of this issue is controlled by the following standard:

[O]ur standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict

- 4 -

winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. [T]he facts and circumstances established by the Commonwealth need not be absolutely incompatible with the defendant's innocence. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Lynch*, No. 706 MDA 2019, 242 A.3d 339, 352 (Pa.Super. 2020) (quoting *Commonwealth v. Franklin*, 69 A.3d 719, 722 (Pa.Super. 2013) (alterations in original)). Our *de novo* review of the sufficiency of the evidence does not allow us to re-weigh the evidence, which is the purview of the fact-finder, who may believe all, some, or none of the evidence presented. *Commonwealth v. Giron*, 155 A.3d 635, 638 (Pa.Super. 2017).

The subsection of Drug Delivery Resulting in Death under which Heisey was charged provides that a person commits a crime "if the person intentionally administers, dispenses, delivers, gives, prescribes, sells or distributes any controlled substance . . . in violation of [35 P.S. § 780-113(a)(14) or (30)], and another person dies as a result of using the substance." 18 Pa.C.S.A. § 2506(a). Section (a)(30) prohibits the delivery of a controlled substance by an unregistered or unlicensed person. *See* 35 P.S. § 780-113(a)(30). Heroin and fentanyl are a Schedule I controlled substances. *See* 35 P.S. § 780-104(a)(ii)(10), (23).

- 5 -

While the Commonwealth must prove that the defendant acted intentionally with respect to delivering the drugs, the Commonwealth need only prove the defendant acted recklessly in causing the death. **Commonwealth v. Storey**, 167 A.3d 750, 757 (Pa.Super. 2017). For purposes of proving Drug Delivery Resulting in Death, "[a] person acts recklessly . . . when [s]he consciously disregards a substantial and unjustifiable risk that [death] will result from h[er] conduct." 18 Pa.C.S.A. § 302(b)(3). "The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to h[er], its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation." **Id.**

Under this Court's precedents, "the dangers of heroin are so great and well known . . . [that] the sale of heroin, itself, is sufficient to satisfy the recklessness requirement when the death occurs as a result of the sale." **Storey**, 167 A.3d at 757 (citing **Commonwealth v. Kakhankham**, 132 A.3d 986, 995-96 (Pa.Super. 2015)).[3]

A person is guilty of Criminal Conspiracy "if with the intent of promoting or facilitating" the commission of a crime, the person

---

[3] **See also Storey**, 167 A.3d at 758; **accord Commonwealth v. Burton**, 234 A.3d 824, 833 (Pa.Super. 2020) (holding evidence sufficient to prove reckless element of Drug Delivery Resulting in Death where defendant intentionally delivered fentanyl to victim), *reargument denied* (Sept. 9, 2020).

(1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or

(2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

18 Pa.C.S.A. § 903(a).

Here, the evidence was sufficient to support the convictions for both Drug Delivery Resulting in Death and Criminal Conspiracy. Heisey and Zelek agreed to acquire heroin and deliver it to the victim. Their delivery of heroin was sufficient to establish recklessness, and the victim's death resulted from the delivery. Zelek's warning to the victim to only ingest a limited amount cannot excuse the recklessness of Heisey's behavior in providing the victim with deadly fentanyl-laced heroin. This claim fails. **Burton**, 234 A.3d at 833; **Storey**, 167 A.3d at 758.

## II. Sentence

Heisey next argues the court abused its discretion in sentencing her to an aggregate of 14 to 30 years' incarceration. We entertain a challenge to the discretionary aspects of sentence only if the appellant has preserved the issue, filed a timely notice of appeal, and included in her brief a Pa.R.A.P. 2119(f) statement raising a substantial question that the sentence is not appropriate under the Sentencing Code. **Lynch**, 242 A.3d at 346. "A substantial question exists when the appellant makes a colorable argument that the sentencing judge's actions were either inconsistent with a specific provision of the

Sentencing Code or contrary to the fundamental norms underlying the sentencing process." ***Id.***

Heisey preserved her sentencing issue *via* post-sentence motion, filed a timely notice of appeal, and included a Rule 2119(f) statement in her brief. In her statement, Heisey asserts her aggregate sentence, comprised of consecutive sentences, was manifestly excessive. She further argues the sentence was unreasonable given "her significant rehabilitative needs" and the nature of the offense, both of which she contends the court failed to consider. Heisey's Br. at 15. A claim that a sentence is excessive in light of the criminal conduct at issue raises a substantial question, as does a claim that the court failed to consider the defendant's rehabilitative needs. ***See Commonwealth v. Caldwell***, 117 A.3d 763, 770 (Pa.Super. 2015) (*en banc*) (holding "[a]ppellant's challenge to the imposition of his consecutive sentences as unduly excessive, together with his claim that the court failed to consider his rehabilitative needs upon fashioning its sentence, presents a substantial question"); ***Commonwealth v. Dodge***, 77 A.3d 1263, 1273 (Pa.Super. 2013) (reiterating that a substantial question is raised when "the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issues in the case"). We will therefore entertain Heisey's sentencing claim.

"Sentencing is the responsibility of the trial court and we will not disturb the sentence unless there is a manifest abuse of discretion." ***Commonwealth v. Knox***, 219 A.3d 186, 199 (Pa.Super. 2019), *appeal denied*, 228 A.3d 256

(Pa. 2020). "To establish a manifest abuse of discretion, the appellant must show a misapplication of the law, or partiality, prejudice, bias, or ill will that led to the unreasonable decision." *Id.*

The Sentencing Code provides that a court impose a sentence of total confinement that is consistent with "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). The court must consider "the nature and circumstances of the crime and the history, character, and condition of the defendant." *Id.* at § 9725. Total confinement is warranted where there is a risk the defendant will commit another crime, commitment will provide the most effective means of correctional treatment, or "a lesser sentence will depreciate the seriousness of the crime." *Id.* When there is a pre-sentence investigation report, we presume the court has considered all relevant sentencing factors. *Knox*, 219 A.3d at 199.

We will vacate and remand a guidelines-sentence only where "the case involves circumstances where the application of the guidelines would be clearly unreasonable." 42 Pa.C.S.A. § 9781(c)(2). We make this determination by considering "[t]he nature and circumstances of the offense and the history and characteristics of the defendant[,]" "[t]he opportunity of the sentencing court to observe the defendant, including any presentence investigation," "[t]he findings upon which the sentence was based," and "[t]he guidelines promulgated by the commission." *Id.* at § 9781(d).

Heisey argues the court disregarded mitigating information in the pre-sentence investigation report, such as that she "grew up in a home with a physically abusive, alcoholic father, that she was sexually abused by two uncles and a family friend between ages 10 and 12," and that her mother left home before she was 14 years old. Heisey's Br. at 35. When she was 15, Heisey married and had a child with a physically and verbally abusive husband. Heisey divorced at age 17; married another physically abusive, alcoholic man; and, at age 40, entered into a romantic relationship with a drug dealer, leading to repeated drug addictions. Heisey has also been diagnosed with bipolar disorder.

Heisey further argues that her sister and her son testified in her defense at sentencing, and that she is not a drug dealer, having only ever shared drugs with fellow addict family members. Her criminal record consists largely of retail thefts, and one conviction in 1991 for involuntary manslaughter while driving under the influence. Heisey argues the court failed to recognize that she needs "comprehensive rehabilitation in a program providing trauma-informed care," rather than "long-term warehousing." Heisey's Br. at 37.

At the sentencing hearing, the court stated it reviewed the presentence investigation report and attachments, the arguments of the attorneys, the testimony of the witnesses at sentencing, the Commonwealth's sentencing memorandum, and Heisey's own statement to the court. N.T., Sentencing, 6/13/19, at 28. The court reviewed on the record Heisey's extensive mental health history and records, and reports of Heisey's addiction problems and

treatment attempts. ***Id.*** at 27, 31-33. The court noted Heisey's troubled background as well as her accomplishments in education. ***Id.*** at 28-30.

However, the court also observed that Heisey has a record of continued criminal behavior dating from 1980, and "did not make any effort to change the pattern of her behavior since reaching the age of majority nor conform her behavior to the norms of society" despite "having been previously provided with numerous resources to assist her in doing so." Supp. Trial Ct. Op. at 16, 17 (citing N.T., Sentencing, at 30-31). The court noted Heisey's sporadic employment history and her failures at attending previous drug treatment programs. ***Id.*** at 17 (citing N.T., Sentencing, at 32-33). The court also found Heisey to have had the "principal role in the circumstances leading to the demise of the victim." ***Id.***

The court stated that it "considered [Heisey's] rehabilitative needs," as well as "the need for there to be a deterrence and the need for the protection of the entire community." N.T., Sentencing, at 28. Before imposing sentence, the court stated, "Sentencing is an incredibly difficult task because you have to balance a lot of equities. I have given the sentence that I'm going to impose here an unbelievable amount of thought. Frankly, it's been the main thing on my mind for several days at this point." ***Id.*** at 34. The court imposed two concurrent standard-range sentences and one consecutive, but mitigated-range, sentence. The court stated that as a condition of the sentences, Heisey "is recommended for any sort of drug and alcohol, mental health, educational or vocational training in the Department of Corrections[.]" ***Id.*** at 36.

We find no abuse of discretion. The court clearly considered all mitigating factors, including Heisey's need for rehabilitation, and balanced those factors with Heisey's actual potential for rehabilitation, her responsibility for the victim's death, and the need for deterrence and the protection of the community. The application of guidelines-range sentences was not clearly unreasonable, and the aggregate sentence in this case does not constitute a manifest abuse of discretion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/17/2021